UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| GLENN ALLAN KING, | ) | |
|---|---|---|
| | ) | |
| | ) | Case No. 1:10 CV 195 RWS |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Glenn King's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

King makes one allegation in his petition. King argues that his counsel was ineffective for failing to challenge his classification as a career criminal because, if counsel had, the statutory penalty imposed by 18 U.S.C § 924(e) would not have applied to him. For the reasons set forth below, the petition will be denied.

**I.    Background**

In February 1995, the Circuit Court of Hickman County, Kentucky found that King was guilty of committing one count of Burglary in the First Degree and three separate counts of Burglary in the Second Degree. Present. Invest. Rep. at 26. First, King committed the crime of Burglary in the First Degree on or about February 7, 1995. Kentucky v. Glenn Allan King, Jr., 95-CR-00009 (Ky. Dist. Ct. July 20, 1995). Second, King committed a single count of Burglary in the Second Degree on or about February 9, 1995. Id. Finally, King committed two counts of Burglary in the Second Degree on or about February 10, 1995. Id. Each crime had different

1

victims and occurred in different areas of Hickman County, Kentucky.  Id.

On July 7, 1995, King was sentenced to ten years for Burglary in the First Degree and was sentenced to seven years for each of Second Degree Burglary convictions.  Present. Invest. Rep. at 26.  King's Second Degree Burglary sentences were served concurrently and consecutive to his First Degree Burglary sentence.  Id.  King served these sentences with the Kentucky Department of Corrections and he was paroled on October 21, 2005.  Id. at 26, 30-33.

On August 26, 2007, a search was executed at King's residence in Cape Girardeau, Missouri.  Plea Hr'g Tr. at 14.  King was at the residence at the time of the search.  Id.  During the search, officers found and seized a Spanish-made 9 mm. caliber Llama pistol in a bedroom of his residence.  Id.  King was arrested and read his Miranda rights.  King agreed to speak with the officers and told the officers he owned the firearm.  Id.  King was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Plea Agrmt. at 9.

On September 21, 2009, King pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Plea Hr'g Tr. at 18.  In exchange for King's guilty plea, the United States Attorney agreed not to pursue any further federal prosecution in this district against King arising out of his possession of controlled substances, firearms, and/or ammunition on or about the day of King's arrest.  Id.

In his Plea Agreement, King waived the right to appeal all sentencing issues, so long as the sentence imposed was in accordance with recommendations in the Plea Agreement and within the range of sentencing guidelines range.  Plea Agrmt. at 3.  King also waived all rights to contest his conviction except for claims of prosecutorial misconduct and ineffective assistance of counsel.  Id. at 4.

During the plea hearing, after I asked King a series of questions to determine if King was

competent to proceed with the hearing, I determined he was competent. Plea Hr'g Tr. at 5. I then reviewed the Plea Agreement and asked King a series of questions to ensure that he understood its terms. King represented to me, under oath, that he read the Plea Agreement, discussed it with his counsel, and understood its terms. Id. at 8. King also acknowledged that he was satisfied with his counsel's representation and that his counsel had performed all of the tasks and investigations requested by King. Id. at 5-6. At no time during the plea hearing did King indicate that he was dissatisfied with the representation of his counsel.

At the plea hearing, I informed King he may be subject to an enhanced penalty under 18 U.S.C. § 924(e) if he qualified as a career criminal. Id. at 12. I also informed King that the minimum sentenced for being a Felon in Possession of a Firearm, coupled with the statutory penalty imposed by 18 U.S.C. § 924(e), was fifteen years. Id. at 15. He indicated that he understood that due to his prior convictions he might be subject to the enhanced sentence imposed by 18 U.S.C. § 924(e). Id. at 12.

Because King was previously convicted of at least three crimes of violence, I concluded that he was a career criminal under 18 U.S.C. § 924(e) and I applied the mandatory statutory penalty imposed by 18 U.S.C. § 924(e) when I sentenced King to be incarcerated for fifteen years.

At the sentencing hearing on December 14, 2009, King's counsel indicated he understood that King was subject to the statutory penalty imposed by 18 U.S.C. § 942(e) because of King's status as a career criminal. King's counsel stated that "[t]he statutory penalty applies and the case law is pretty overwhelming, more than overwhelming on this issue." Sentence Hr'g Tr. at 4. King also acknowledged he would be sentenced as an armed career criminal when he stated that "I wish I didn't have to have the armed career criminal . . . ." Id.

King's total offense level was thirty and his criminal history was category five. Id. At

King's sentencing hearing, I determined as a matter of law that, based on the presentence report and consistent with the Plea Agreement stipulations, King was subject to the minimum prison term of 180 months. Id. at 5. I informed King that he could appeal his sentence within ten days of his sentencing if he felt any reason to do so. Id. at 7. King did not do so.

King filed a motion for relief under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on September 12, 2010.

## II.  Grounds for Relief

In his section 2255 petition, King alleges that his counsel was constitutionally ineffective, thereby depriving his constitutional right to counsel provided by the Sixth Amendment. King alleges that his counsel failed to contest King being sentenced as an armed career criminal, which resulted in King receiving an enhanced sentence under 18 U.S.C. § 924(e). King alleges that his counsel should have objected to my treating each of King's previous Second Degree Burglary convictions as separate felonies.

## III.   Legal Standard

To state a claim for ineffective assistance of counsel, King must prove two elements. First, he "must show that counsel's performance was deficient. This [element] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). In considering whether this showing has been accomplished, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The court seeks to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id.

Second, King must show that "the deficient performance prejudiced the defense." Id. at

687. This prong requires him to demonstrate "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

## IV. Discussion

King alleges he received ineffective assistance of counsel because his counsel failed to contest his status as an armed career criminal. King's claim fails because such an argument would have been meritless and counsel is not ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

In his Plea Agreement, King agreed to plead guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). 18 U.S.C. § 922 (g)(1) states that:

> (g) It shall be unlawful for any person--
>     (1) who has been convicted in any court of, a crime
>     punishable by imprisonment for a term exceeding one year;
>     . . . .
> to ship or transport in interstate or foreign commerce, or possess in
> or affecting commerce, any firearm or ammunition; or to receive
> any firearm or ammunition which has been shipped or transported
> in interstate or foreign commerce.

18 U.S.C. § 924(e) sets a mandatory minimum sentence for a felon in possession of a firearm if that person has three violent felony convictions.

18 U.S.C. § 924(e)(1) states that:

> any person who violates section 922(g) of this title and has three
> previous convictions by any court referred to in section 922(g)(1)
> of this title for a violent felony . . . committed on occasions
> different from one another, such person shall be fined under this
> title and imprisoned not less than fifteen years . . . .

A violent felony is any crime "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(b). "Offenses are separate convictions under 18 U.S.C. § 924 if they were 'committed on occasions different from one another,' and if they arose out of separate and

distinct criminal episodes." United States v. Turner, 431 F.3d. 332, 337 (8th Cir. 2005) (internal citations omitted).

King's claim that his three Second Degree Burglary convictions constituted a single criminal episode is without merit because he was convicted of four different violent felonies. First, King committed the crime of Burglary in the First Degree on or about February 7, 1995. King, 95-CR-00009. Second, King committed a single count of Burglary in the Second Degree on or about February 9, 1995. Id. Finally, King committed two counts of Burglary in the Second Degree on or about February 10, 1995. Id. King was sentenced to ten years for the First Degree Burglary conviction and to seven years for each Second Degree Burglary conviction. Id. His offenses occurred in different locations, at different times, and within a span of several days and were separate and distinct criminal episodes. See United States v. Hamell, 3 F.3d 1187, 1191 (8th Cir. 1993); United States v. Gibson, 928 F.2d 250, 254 (8th Cir. 1991). Section 924(e) does not require separate prosecutions; it is sufficient that the offenses occurred at different times. Gibson, 928 F.2d at 254. Because King was convicted of four different crimes that each carried a sentence of over one year imprisonment, these crimes are each a crime of violence under 18 U.S.C. § 924(e). As result, King was subject to the mandatory minimum sentence under 18 U.S.C. § 924(e). Any argument posed by King's counsel to the contrary would had been without merit and Counsel's failure to advance a meritless argument cannot constitute ineffective assistance. Rodriguez, 17 F.3d at 226. Because any argument by King's counsel contesting King's career criminal status would have been meritless, King's motion is denied.

**V.    An Evidentiary Hearing is not Warranted**

Generally, 28 U.S.C. § 2255 entitles a movant to a hearing on the merits of his petition. However, there is a well established exception to this rule when the files and records of the case

6

conclusively show that the petitioner is not entitled to relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Check v. United States, 858 F.2d. 1330, 1333 (8th Cir. 1988). Because the record conclusively establishes that King is not entitled to relief, his request is denied.

## VI. Certificate of Appealability

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve those issues differently, or the issues deserve further proceedings."). Based on the foregoing, I find that King did not provide a sufficient basis to conclude that his counsel was constitutionally ineffective. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Glenn Allan King's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability, as King has not made a substantial showing of the denial of a federal constitutional right. A separate Judgement will be entered on this same day.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dates this 11th day of May, 2012.