UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GLENN ALLAN KING, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 1:10 CV 195 RWS |

## MEMORANDUM AND ORDER

This matter is before me on federal prisoner Glenn Allan King's motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60. I will dismiss the motion for the following reasons.

On September 21, 2009, King pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Because King was previously convicted of at least three violent felonies, I concluded that he was a career criminal under 18 U.S.C. § 924(e), which imposed a statutory minimum sentence of fifteen years. On December 14, 2009, I sentenced King to be incarcerated for fifteen years.

On September 12, 2010, King filed a motion for relief under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. King alleged that he received ineffective assistance of counsel because his counsel failed to contest his status as an armed career criminal. King argued that his counsel should have objected to my treating each of King's previous Second Degree Burglary convictions as separate violent felonies. On May 11, 2012, I denied King's motion and declined to issue a certificate of appealability. King did not appeal this decision.

King now seeks relief from final judgment. King argues that a new rule of constitutional law announced in Alleyne v. United States, 133 S.Ct. 2151 (2013), calls into question my prior denial of his § 2255 motion. In Alleyne, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Alleyne, 133 S.Ct. at 2153. King contends that my previous determination that he was career criminal under 18 U.S.C. § 924(e) was made in violation of his Sixth Amendment rights as clarified in Alleyne.

As a threshold matter, I must determine whether King's motion is properly treated as a successive § 2255 motion or a motion under Rule 60(b). In Gonzalez v. Crosby, 545 U.S. 524, 531 (2005), the Supreme Court considered the extent to which Rule 60(b) applies to habeas proceedings.[1] The Supreme Court stated that when a motion contends a subsequent change in substantive law is a "reason justifying relief" under Rule 60(b)(6), such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated as such. Gonzalez, 545 U.S. at 531. Accordingly, I find that King's motion under Rule 60(b) is actually a second or successive habeas petition.

Having determined that King's motion is a second or successive habeas petition, I must dismiss it for failure to obtain authorized authorization from the United States Court of Appeals for the Eighth Circuit. Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

---

[1] Although Gonzalez considered "only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C.A.§ 2254," Gonzalez, 545 U.S. at 530 n. 3, courts have extended Gonzalez's rationale beyond the facts and procedural posture of that case. Thus, courts have applied Gonzalez to federal prisoners seeking habeas relief under § 2255, as well as to inmates filing postjudgment motions authorized by the Federal Rules of Criminal Procedure. See Gilbert v. U.S., 640 F.3d 1293, 1323 (11th Cir. 2011), cert. denied, 132 S.Ct. 1001 (2012) (en banc) ("We join every other circuit that has addressed the issue in concluding that the standard announced in Gonzalez applies to federal prisoner cases as well.").

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense ...

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant King's requested relief. If King believes that Alleyne is a new rule of constitutional law that can be applied retroactively, he will have to convince the Eighth Circuit Court of Appeals to allow him to file a new § 2255 motion.[2]

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255 is **DENIED and DISMISSED as SUCCESSIVE.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall be granted.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2014.

---

[2] The Court notes that the Supreme Court resolved Alleyne on direct, rather than collateral, review and it did not declare that its new rule applied retroactively on collateral attack. Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Supreme Court has decided that other rules based on Apprendi do not apply retroactively on collateral review, which suggests that the Supreme Court will not declare Alleyne to be retroactive. See Schriro v. Summerlin, 542 U.S. 348 (2004). Other Judges in this district agree that Alleyne does not apply retroactively and have declined to apply its holding in § 2255 proceedings. See, e.g., Santana v. United States, No. 4:14CV90 JCH, 2014 WL 636437, at *2 (E.D.Mo. Feb.17, 2014); Aguilera v. United States, No. 1:13CV162 SNLJ, 2013 WL 6000070, at *2 (E.D.Mo. Nov.12, 2013); Affolter v. United States, No. 4:13CV01413 ERW, 2013 WL 4094366, at *1 (E.D.Mo. Aug.13, 2013). Moreover, even if Alleyne did apply retroactively, it does not apply to King. King's § 2255 motion alleged that **Error! Main Document Only.**he received ineffective assistance of counsel because his counsel failed to contest his status as an armed career criminal. I denied **Error! Main Document Only.**King's motion because any argument by King's counsel contesting his career criminal status would have been meritless. Alleyne does not affect my reasoning. The Eight Circuit recognized that Alleyne "left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury." U.S. v Abrahamson, 731 F.3d 751,752 (8th Cir. 2013).